IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | CIVIL ACTION NO.: 1:23-cv-539 |
| | ) | C O M P L A I N T |
| 1901 SOUTH LAMAR, LLC, REVELRY KITCHEN & BAR, LLC, AND REVELRY ON THE BOULEVARD, LLC, | ) ) ) ) ) | **JURY TRIAL DEMAND** |
| Defendants. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female), and to provide appropriate relief to Charging Party Kellie Connolly ("Connolly"), who was adversely affected by such practices. Plaintiff the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that the Defendants 1901 South Lamar, LLC, Revelry Kitchen & Bar, LLC, and Revelry on the Boulevard, LLC (collectively, "Defendants" or "Corner Bar") discriminated against Connolly because of her pregnancy when Defendants reduced her work hours and then terminated her. In the alternative, EEOC pleads that the Defendants constructively discharged Connolly from her position as a bartender.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Austin Division.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant 1901 South Lamar, LLC, has continuously been a limited liability company doing business in Austin, Texas.

5. At all relevant times, Defendant Revelry Kitchen & Bar, LLC, has continuously been a limited liability company doing business in Austin, Texas.

6. At all relevant times, Defendant Revelry on the Boulevard, LLC, has continuously been a limited liability company doing business in Austin, Texas.

7. At all relevant times, Defendant 1901 South Lamar, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

8. At all relevant times, Defendant Revelry Kitchen & Bar, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all relevant times, Defendant Revelry on the Boulevard, LLC has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

10. At all relevant times, the three Defendants named in this action have operated as an integrated business enterprise and have collectively had at least fifteen (15) employees on a continual basis. Evidence of their operation as an integrated enterprise includes but is not limited to the following:

    a. The Defendants share common ownership.

    b. The Defendants share common management.

    c. Labor relations for the Defendants is centrally controlled.

    d. The Defendants jointly market their businesses to prospective customers.

    e. Defendants utilize an employee disciplinary form that bears the logo of each of the Defendants.

    f. All three Defendants share bartending staff, as well as inventory, including liquor.

    g. Defendants' Director of Operations, Mohib Mir, provides human resources-related services for all three Defendants, including payroll, handling unemployment insurance matters, and hiring and firing decisions.

## ADMINISTRATIVE PROCEDURES

11. More than thirty days prior to the institution of this lawsuit, Connolly filed Charges of Discrimination with the Commission alleging that the Defendants violated Title VII.

12. On May 6, 2022, the Commission issued a Letter of Determination to Defendants finding reasonable cause to believe that Title VII was violated and inviting Defendants to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

13. The Commission engaged in communications with Defendants to provide them the opportunity to remedy the discriminatory practices described in the Letter of Determination.

14. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

15. On October 21, 2022, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

16. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

17. Beginning in approximately March 2021, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as amended by Section 701(k), 42 U.S.C. § 2000e(k). Specifically, Defendants reduced Connolly's work hours because she was pregnant. Defendants thereafter terminated Connolly's employment because she was pregnant.

18. In the alternative, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1) as amended by Section 701(k), 42 U.S.C. § 2000e(k), forcing Connolly to take indefinite unpaid leave, resulting in her constructive discharge from the position of bartender.

19. Connolly was hired by Defendants as a bartender in approximately September 2020. She worked at Corner Bar, located at 1901 S. Lamar Boulevard in Austin, Texas.

20. Connolly notified Defendants that she was pregnant on or about January 31, 2021.

21. In or around March 2021, after Connolly became visibly pregnant, Defendants reduced Connolly's hours of work.

22. On or around June 20, 2021, Connolly was admitted to the hospital due to a virus.

23. Connolly notified Defendants of her hospitalization. On June 25, 2021, while Connolly was still in the hospital, Connolly's manager, Jared Hensley, called Connolly and terminated her employment.

    a. During the phone call on June 25, 2021, Hensley expressed concern about Connolly's pregnancy, stating that the Defendants were "genuinely scared something bad is going to happen to you. That Saturday after you left, Josh and I had to throw out two dudes who were about to like fight."

    b. Hensley told Connolly that the Defendants were not "trying to screw [her] over" but that she was becoming "too much of a liability."

    c. Hensley concluded the call by telling Connolly that Defendants were "parting ways until after the baby is basically what I can say."

5

24. Defendants removed Connolly from the work schedule and filled her shifts with other employees following the phone call of June 25, 2021.

25. Understanding she had been fired, Connolly did not return to work after the June 25, 2021, call with Hensley and sought other employment after she gave birth in September 2021.

26. The effect of the practices described in paragraphs 17-25 above has been to deprive Connolly of equal employment opportunities and to otherwise adversely affect her status as an employee because of her sex.

27. The unlawful employment practices described in paragraphs 17-25 above were intentional.

28. The unlawful employment practices described in paragraphs 17-25 above were done with malice or with reckless indifference to the federally protected rights of Connolly.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.   Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in conduct which results in discrimination because of sex and pregnancy;

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for pregnant employees and applicants, and which eradicate the effects of its past and present unlawful employment practices;

C.   Order Defendants to make Connolly whole by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to remedy the effects of its unlawful employment practices, including, but not limited to, the reinstatement of Connolly, or front pay in lieu thereof;

D. Order Defendants to make Connolly whole, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 17-25 above, including but not limited to job search expenses and medical expenses, in an amount to be determined at trial;

E. Order Defendants to make Connolly whole, by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 17-25 above, including, but not limited to, emotional pain, suffering, inconvenience, humiliation, and loss of enjoyment of life, in amounts to be determined at trial;

F. Order Defendants to pay Connolly punitive damages for the malicious and reckless conduct described in paragraphs 17-25, in amounts to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**ATTORNEYS FOR PLAINTIFF**

ROBERT CANINO
Regional Attorney
Oklahoma State Bar No. 011782

MEAGHAN L. KUELBS
Supervisory Trial Attorney
Texas Bar No. 24105277
E-mail: meaghan.kuelbs@eeoc.gov

/s/ Philip Moss
PHILIP MOSS
Trial Attorney
Texas State Bar No. 24074764
E-Mail: philip.moss@eeoc.gov
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
San Antonio Field Office
5410 Fredericksburg Road, Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 640-7570
Facsimile: (210) 281-7669
