IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>　　　*Plaintiff*<br><br>v.<br><br>1901 SOUTH LAMAR, LLC, REVELRY KITCHEN & BAR, LLC, and REVELRY ON THE BOULEVARD, LLC,<br>　　　*Defendants* | §§§§§§§§§§§<br><br>CASE NO. 1:23-CV-00539-RP |

<u>**REPORT AND RECOMMENDATION<br>OF THE UNITED STATES MAGISTRATE JUDGE**</u>

**TO:　THE HONORABLE ROBERT PITMAN<br>　　　UNITED STATES DISTRICT JUDGE**

Before the Court are Defendant 1901 South Lamar, LLC's Rule 12(b)(1) Motion to Dismiss, filed July 26, 2023 (Dkt. 8); Plaintiff-Intervenor Kellie Connolly's Motion to Intervene, filed July 27, 2023 (Dkt. 9); and Defendant Revelry Kitchen & Bar, LLC's Rule 12(b)(1) Motion to Dismiss (Dkt. 10) and Defendant Revelry on the Boulevard, LLC's Rule 12(b)(1) Motion to Dismiss, both filed August 2, 2023 (Dkt. 11). By Text Orders entered October 10, 2023, the District Court referred the motions to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.　Factual and Legal Background

The U.S. Equal Employment Opportunity Commission ("EEOC") brings this pregnancy discrimination suit under Title VII of the Civil Rights Act on behalf of Kellie Connolly. Defendants 1901 South Lamar, LLC d/b/a Corner Bar ("Corner Bar"), Revelry Kitchen & Bar, LLC ("Revelry K&B"), and Revelry on the Boulevard, LLC ("Revelry BLVD") each move the Court to dismiss this case for lack of subject matter jurisdiction under Rule 12(b)(1).

1

### A. Title VII

Title VII of the Civil Rights Act makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e–2(a)(1). Discrimination on the basis of sex includes discrimination "on the basis of pregnancy, childbirth, or related medical conditions." 42 U.S.C. § 2000e(k).

"Employer" is defined, in relevant part, as one with "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b). In Title VII cases, "superficially distinct entities" are considered "a single employer" if they "represent a single, integrated enterprise." *Perry v. VHS San Antonio Partners, L.L.C.*, 990 F.3d 918, 926 (5th Cir. 2021) (citation omitted). The EEOC alleges that Defendants are "employers" under Title VII because they "have operated as an integrated business enterprise and have collectively had at least fifteen (15) employees on a continual basis." Dkt. 1 ¶ 10.

### B. Plaintiff's Allegations

The EEOC alleges these facts in its Complaint: Defendants hired Connolly to work as a bartender at Corner Bar in Austin, Texas in September 2020. *Id.* ¶ 19. Connolly notified Defendants she was pregnant on or about January 31, 2021, and Defendants reduced her work hours after she became visibly pregnant around March 2021. *Id.* ¶¶ 20-21. On June 20, 2021, Connolly was admitted to a hospital due to a virus. *Id.* ¶ 22. Connolly's manager terminated her employment on June 25, 2021, while she was still in the hospital, telling her that "she was becoming 'too much of a liability'" and Defendants were "parting ways until after the baby." *Id.* ¶ 23. The EEOC alleges that, by discriminating against Connolly based on her pregnancy, Defendants violated Title VII by engaging in unlawful employment practices. *Id.* ¶ 17.

## II.     Motions to Dismiss under Rule 12(b)(1)

A Rule 12(b)(1) motion to dismiss challenges the subject matter jurisdiction of the court. "Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims." *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Walmart Inc. v. U.S. Dep't of Just.*, 21 F.4th 300, 307 (5th Cir. 2021) (citation omitted). In ruling on a Rule 12(b)(1) motion, the court may consider: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020).

### A.    Title VII's Numerosity Requirement Is Not Jurisdictional

Defendants argue that the Court lacks subject matter jurisdiction over them under Title VII because Corner Bar employed fewer than the statutory minimum 15 employees at the relevant time. They contend that the EEOC's "attempt to combine two other independently operated establishments with Corner Bar in order to manifest coverage is unsupported by the facts or applicable law." Dkt. 8 at 1. The EEOC responds that the motions to dismiss must be denied because Title VII's numerosity requirement is not jurisdictional.

The Court agrees with the EEOC. Defendants' argument is precluded by Supreme Court precedent. The employee-numerosity requirement in 42 U.S.C. § 2000e(b) "is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006). Defendants' argument that the Court lacks subject matter jurisdiction over this case because Corner Bar did not employ more than 15 employees lacks merit.

## B. The EEOC's Single-Employer Argument Is Not Frivolous

In their combined reply brief, Defendants also argue that the Court should dismiss this case for lack of subject matter jurisdiction because the EEOC's allegation that Defendants are an integrated enterprise is "frivolous, insubstantial, and made solely for the purpose of invoking this Court's jurisdiction." Dkt. 16 at 2.

A claim that invokes federal question jurisdiction may be dismissed for lack of subject matter jurisdiction "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Arbaugh*, 546 U.S. at 513 n.10 (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). A claim is insubstantial and frivolous if it is "obviously without merit" or if the claim's "unsoundness" is so clear from Supreme Court precedent "as to foreclose the subject." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) (citation omitted).

The EEOC alleges both that Defendants are an integrated enterprise and facts to support that claim. Dkt. 1 ¶ 10. These allegations are not obviously without merit, and Defendants cite no precedent showing that the EEOC's claim is so unsound as to be frivolous.

This Magistrate Judge recommends that the District Court deny Defendants' motions to dismiss under Rule 12(b)(1).

### III. Alternative Motions to Dismiss under Rule 12(b)(6)

In their reply brief, Defendants move in the alternative to dismiss the EEOC's claims under Rule 12(b)(6). "When a motion is incorrectly styled as a challenge to subject matter jurisdiction, but is in fact an attack on the merits of the claim, the proper course of action is to analyze the motion under Rule 12(b)(6) or Rule 56." *Herrera v. NBS, Inc.*, 759 F. Supp. 2d 858, 863 (W.D. Tex. 2010). The Court also considers Defendants' motions under Rule 12(b)(6).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the information considered is generally limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). A court may consider documents submitted by the defendant when those documents "are referred to in the complaint and are central to the plaintiff's claims." *Id.*

**A. The EEOC Sufficiently Alleges that Defendants Are an Integrated Enterprise**

Defendants argue that the EEOC does not allege sufficient facts to show that the Corner Bar had more than 15 employees or that Defendants operated as an integrated business enterprise. Dkt. 16 ¶¶ 10-12.

5

Courts in the Fifth Circuit use a four-part test to determine when "superficially distinct entities" are "a single, integrated enterprise" under discrimination statutes. *Nicholson v. Securitas Sec. Servs. USA, Inc.*, 830 F.3d 186, 189 (5th Cir. 2016) (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)). The four factors are "(1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino*, 701 F.2d at 404. The first factor, interrelation of operations, focuses on whether one entity "excessively influenced or interfered with the business operations" of the other. *Perry*, 990 F.3d at 927 (citation omitted). Evidence that one of the entities is involved in daily employment decisions of the other is central. *Id.* The second factor, centralized control of labor relations, asks "[w]hat entity made the final decisions regarding employment matters related to the person claiming discrimination?" *Johnson v. Crown Enters., Inc.*, 398 F.3d 339, 343 (5th Cir. 2005) (citation omitted).

The EEOC alleges that:

- Defendants "share bartending staff, as well as inventory";
- a single Director of Operations, Mohaib Mir, provides "human resources-related services for all three Defendants, including payroll, handling unemployment insurance matters, and hiring and firing decisions";
- Defendants "jointly market their businesses to prospective customers"; and
- Defendants use "an employee disciplinary form that bears the logo of each of the Defendants."

Dkt. 1 ¶ 10. The Court finds that the EEOC's allegations address all four of the *Trevino* factors and are sufficient to state a claim. The allegation that employees were shared and disciplined jointly by Defendants could support a finding of interrelated operations. The allegation that a single Director of Operations made employment decisions for Defendants could support a finding of centralized control of labor relations. The EEOC also alleges that Defendants share common ownership and management.

By making these factual allegations, the Court finds that the EEOC has satisfied its burden to allege "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (cleaned up).

**B. The Court Cannot Consider Defendants' Evidence**

Defendants argue that the EEOC's claims should be dismissed because its allegations are false. Defendants submit wage records and declarations from Jonathan Lochrie, their sole common owner, and Mir, the director of operations for Revelry BLVD, rebutting the EEOC's allegations. Dkts. 8-1-3; 10-1-2; 11-1-3.

At the motion to dismiss stage, the Court must accept all well-pleaded facts as true. *Walker*, 938 F.3d at 735. Because the Rule 12(b)(6) inquiry is limited to the EEOC's factual allegations, documents attached or referenced in the Complaint, and matters of which the Court may take judicial notice, the Court may not consider Defendants' evidence. *Id.*

This Magistrate Judge recommends that the District Court deny Defendants' motions to dismiss under Rule 12(b)(6).

## IV.   Motion to Intervene

Finally, Connolly moves to intervene as of right under Rule 24(a)(1), which requires a court to permit anyone to intervene who "is given an unconditional right to intervene by a federal statute." Title VII grants the person on whose behalf the employment discrimination action is brought the right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e–5(f)(1). Connolly thus has a right to intervene. Defendants again argue that intervention would be futile because the Court lacks subject matter jurisdiction, but otherwise do not oppose Connolly's intervention. Dkt. 14. This Magistrate Judge recommends that the District Court grant Connolly's motion to intervene.

## V. Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendant 1901 South Lamar, LLC's Rule 12(b)(1) Motion to Dismiss (Dkt. 8), Defendant Revelry Kitchen & Bar, LLC's Rule 12(b)(1) Motion to Dismiss (Dkt. 10), and Defendant Revelry on the Boulevard, LLC's Rule 12(b)(1) Motion to Dismiss (Dkt. 11); **GRANT** Plaintiff-Intervenor Kellie Connolly's Motion to Intervene (Dkt. 9); and file Complaint in Intervention (Dkt. 9-1).

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 15, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE